UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | PLEA AGREEMENT AND |
| | ) | SENTENCING STIPULATIONS |
| v. | ) | |
| | ) | |
| MARC BELL GONZALES, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America and MARC BELL GONZALES (hereinafter referred to as "the defendant") agree to resolve this case on the terms and conditions that follow. This Plea Agreement binds only the defendant and the United States Attorney=s Office for the District of Minnesota. This Agreement does not bind any other United States Attorney=s Office or any other federal or state agency.

1. **Charges.** The defendant agrees to plead guilty to Count One of the Information, which charges the defendant with Conspiracy, in violation of 18 U.S.C. § 371. The defendant fully understands the nature and elements of the crime with which he has been charged.

2. **Factual Basis.** The defendant is pleading guilty because he is in fact guilty of Count One of the Information. In pleading guilty, the defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines. The defendant

1

admits that on or about May 28, 2020, he and other persons intentionally set fire to the Wells Fargo Bank branch building located at 3030 Nicollet Ave. South in the City of Minneapolis and District of Minnesota. Wells Fargo Bank is a business that is used in interstate commerce. The defendant admits that he poured gasoline from a red plastic canister onto the Wells Fargo Bank property while the surrounding crowd chanted "burn it down!" The defendant admits that he poured the gasoline onto the property with the intent to accelerate the burning of the Wells Fargo Bank building. The defendant stipulates and agrees that he acted knowingly and voluntarily; and that he knew his actions violated the law. Further, on or about May 28, 2020, the defendant, and one or more co-conspirators - unknown by name to the defendant - reached an agreement to commit the crime of arson on property used in interstate commerce, in violation of Title 18, United States Code, 844(i). The defendant voluntarily and intentionally joined in the agreement, either at the time it was first reached or at some later time while it was still in effect. At the time the defendant joined in the agreement, the defendant knew the purpose of the agreement. While the agreement was in effect, the defendant knowingly did one or more acts for the purpose of carrying out or carrying forward the agreement. Specifically, on or about May 28, 2020, the defendant poured gasoline on the property for the purpose of accelerating the burning of the Wells Fargo Bank building.

3. **Waiver of Indictment.** The defendant waives his right to be charged by Indictment. The defendant agrees to sign a written waiver of this right at the change of

2

plea hearing.

4.      **Waiver of Pretrial Motions**. The defendant understands and agrees that the defendant has certain rights to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial motions in this case. The defendant agrees that, by pleading guilty, he is withdrawing any motions previously filed.

5.      **Additional Consequences**. The defendant understands that as a result of his conviction, he could be assessed the costs of prosecution and experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

6.      **Waiver of Constitutional Trial Rights**. The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does

3

so, he would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

7.     **Statutory Penalties.** The defendant understands that Count One of the Information (Title 18, United States Code, Section 371) is a felony offense that carries the following statutory penalties:

  a.     a maximum of 5 years in prison;

  b.     a supervised release term of not more than 3 years;

  c.     a maximum fine of $250,000;

  d.     assessment to the defendant of the costs of prosecution, imprisonment, and supervision, as defined in 28 U.S.C. §§ 1918(b) and 1920;

  e.     a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A);

  f.     the possible loss of eligibility for federal benefits pursuant to 21 U.S.C. § 862(a)(1); and

8.     **Revocation of Supervised Release.** The defendant understands that if the defendant were to violate any condition of supervised release, the defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term.

4

9.    **Guideline Calculations**.    The Parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. ' 3551, et seq. Nothing in this Plea Agreement should be construed to limit the Parties from presenting any and all relevant evidence to the Court at sentencing. The Parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

      a.    Base Offense Level.   The parties agree that the **base offense level is 20**.   U.S.S.G. § 2X1.1(a); § 2K1.4(a)(2).

      b.    Specific Offense Characteristics.   The Parties agree that no Specific Offense Characteristics apply. U.S.S.G. § 2X1.1(b)(2).

      c.    Acceptance of Responsibility.    The Government agrees to recommend that the defendant receive a **3-level reduction** for acceptance of responsibility and to make any appropriate motions with the Court.   However, the defendant understands and agrees that this recommendation is conditioned upon the following: (i) the defendant testifies truthfully during the change of plea hearing, (ii) the defendant cooperates with the Probation Office in the pre-sentence investigation, and (iii) the defendant commits no further acts inconsistent with acceptance of responsibility.   U.S.S.G. ' 3E1.1. The Parties agree that no other Ch. 3 adjustments apply.

      d.    Criminal History Category.   Based on information available at this time, the Parties believe that the defendant=s criminal history category is II.   This **does not** constitute a stipulation, but a belief based on an assessment of the information currently known.   The defendant=s actual criminal history will be determined by the Court based on the information presented in the Presentence Report and by the Parties at the time of sentencing.

           If it is determined that the defendant's criminal history is other than category II, such determination shall not be a basis for either party to withdraw from this Plea Agreement.

e.    <u>Guideline Range.</u>  If the defendant's total offense level is 17 and the criminal history is II, the guideline range is 27-33 months' imprisonment.

f.    <u>Fine Range.</u>   The fine range is $10,000 to $95,000.   U.S.S.G. ' 5E1.2(c).

g.    <u>Supervised Release.</u>  The Sentencing Guidelines require a term of supervised release of at least 1 year up to a maximum supervised release term of 3 years. U.S.S.G. § 5D1.2(a)(2).

10.    **Discretion of the Court**.  The foregoing stipulations are binding on the Parties, but do not bind the Court. The Parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable guideline factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines. If the Court determines that the applicable guideline calculations or the defendant's criminal history category are different from that stated above, the Parties may not withdraw from this Agreement, and the defendant will be sentenced pursuant to the Court's determinations.

11.    **Agreements as to Sentencing Recommendation**. Both parties agree to argue for a sentence within the advisory guidelines range.   If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

6

12.     **Special Assessments.**   The Guidelines require payment of a special assessment in the amount of \$100.00 for each felony count of which the defendant is convicted.   U.S.S.G. ' 5E1.3.   The defendant agrees that any special assessment, fine, costs, order of restitution, or other financial judgment imposed as part of the sentence in this case shall be due, payable, and collectable immediately upon the entry of the judgment and commitment order in this case, and the government may take all steps under the law to collect on the judgment at that time.

13.     **Restitution.**   The Defendant understands and agrees that 18 U.S.C. § 3663, and the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, apply to this case and that the Court is required to order the Defendant to make restitution to the victims of his crimes. There is presently no agreement as to the amount of restitution because the precise amount of restitution is unknown.   The Defendant understands and agrees that the Court will order him to make restitution to any victim of his offense, regardless of whether the victim was named in the Information, the count of conviction, or this Agreement.   The Defendant further agrees to pay restitution to his victims, in the amount determined by the Court and as ordered.

14.     **Disclosure of Assets.**   The defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest, or over which the defendant exercises control, directly or indirectly, including those assets held by a spouse, nominee or other third party, or any business owned or controlled by the defendant.   The defendant agrees to assist the

7

United States in identifying, locating, returning, and transferring assets for use in payment of restitution fines, and forfeiture ordered by the Court.   The defendant agrees to complete a financial statement within two weeks of the entry of his guilty plea.   The defendant further agrees to execute any releases that may be necessary for the United States to obtain information concerning the defendant's assets and expressly authorizes the United States to obtain a credit report on the defendant to evaluate his ability to satisfy financial obligations imposed by the Court.   If requested by the United States, the defendant agrees to submit to one or more asset interviews or depositions under oath.

15.   **Waivers of Appeal and Collateral Attack.**   The defendant hereby waives the right to appeal any non-jurisdictional issues.   This appeal waiver includes, but is not limited to, the defendant's waiver of the right to appeal guilt or innocence, sentence and restitution, and the constitutionality of the statutes to which the defendant is pleading guilty.   The parties agree, however, that excluded from this waiver is an appeal by defendant of the substantive reasonableness of a term of imprisonment above the high end of the Guidelines range determined by the district court, and the amount of restitution. The defendant also waives the right to petition under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel.   The defendant has discussed these rights with the defendant's attorney.   The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

The United States agrees to waive its right to appeal any sentence except the government may appeal the substantive reasonableness of a term of imprisonment below the low end of the Guidelines range determined by the district court.

8

16.    **FOIA Requests.**   The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

17.    **Complete Agreement**.   This, along with any agreement signed by the Parties before entry of plea, is the entire agreement and understanding between the United States and the defendant.

Date: _9/10/2020_

ERICA H. MacDONALD
United States Attorney

BY: ANDREW R. WINTER
Assistant U.S. Attorney

Dated: _9/3/2020_

MARC BELL GONZALES
Defendant

Dated: _9/8/2020_

KASSIUS BENSEN, ESQ.
Attorney for Defendant

9