UNITED STATES DISTRICT COURT
District of Minnesota
Criminal No. 20-180 (ECT)

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | GOVERNMENT'S POSITION ON SENTENCING |
| MARC BELL GONZALES, | |
| Defendant. | |

COMES NOW the United States of America, by and through its undersigned attorneys, Erica H. MacDonald, United States Attorney for the District of Minnesota, and Andrew R. Winter, Assistant United States Attorney, and submits the following position on sentencing.

## BACKGROUND

Defendant pleaded guilty on September 21, 2020, to one count of Conspiracy to Commit Arson, in violation of 18 U.S.C. §§ 844(i) and 371. In the plea agreement, the parties contemplated a guideline range of imprisonment of 27 to 33 months. PSR at ¶ 4. This range was based upon a base offense level of 20 and a criminal history category of II, plus a 3-level reduction for acceptance of responsibility. The PSR concurred with assignment of a base offense level of 20 but calculated a higher criminal history category of IV resulting in a guidelines range of 37-46 months. The government herein recommends a sentence of 37 months followed by three (3) years of supervised release.

**DISCUSSION**

The Court must determine what constitutes a reasonable sentence as guided by the factors of Title 18, United States Code, Section 3553(a).  As a first step, the Court must determine the applicable Sentencing Guidelines.  Although the Guidelines are advisory, the Court must "remain cognizant of them throughout the sentencing process."  *Gall v. United States*, 552 U.S. 38, 50 n.6 (2007).  In addition to considering the Guidelines, Section 3553(a) requires the Court to analyze a number of factors, including the nature and circumstances of the offense, the history and circumstances of the defendant, the need for the sentence to reflect the seriousness of the offense, the need for deterrence, the need to protect the public from further crimes of the defendant, and the need to avoid unwarranted disparities.  18 U.S.C. § 3553(a).

The Offense



---

[1]Getty image //www.americanbanker.com/news/swept-up-in-civic-unrest-banks-confront-deep-societal-issues.

The above photograph depicts the defendant's handiwork on May 29, 2020.  The defendant participated in the arson of the Wells Fargo Bank building located at 3030 Nicollet Ave. South in Minneapolis. The facts set forth in the PSR accurately set forth the defendant's participation in the arson occurring in the midst of the George Floyd protests and rioting. PSR ¶¶ 6-12.  During the investigation, a video obtained by the ATF depicts the defendant – carrying a gasoline container over his head – emerging from a large crowd of people chanting "Burn it down! Burn it down!"   The following is a screen-capture from that video:



A press photographer then captured an image of the defendant pouring the contents of the gas can onto the ground at the entrance to the bank building:



Additional video and still photos show the defendant remained at the scene and watched as the fire destroyed the bank – ultimately causing a total loss of the structure as depicted below in ATF photographs.[2]



---

[2] The government has requested and expects to receive specific loss amounts from Wells Fargo well in advance of the sentencing hearing in this case.

Criminal History

The defendant is no stranger to the criminal justice system. The PSR describes the defendant's contacts with the criminal justice system starting at age 18 when he pled guilty to minor consumption of alcohol. PSR ¶ 33. Less than one year later, the defendant pled guilty to an armed robbery in Orange County, California. Though originally given a probationary disposition, the defendant violated terms of his supervision and was sentenced to serve 2 years in custody. PSR ¶ 34. The defendant moved to Minnesota where he continued to encounter law enforcement – but primarily for minor offenses ranging from traffic infractions to a DWI in May of 2019. PSR ¶ 41. It was while under probationary supervision for this DWI that the defendant committed the instant offense of arson. His probation officer reports that at the time of the arson, the defendant lacked compliance, having missed two reporting calls and having failed to secure a chemical health evaluation. *Id*.

Chemical Use, Mental and Physical Health

The PSR presents an individual who has used marijuana since his mid-teens and has struggled with apparent dependency. PSR ¶¶ 66-73. Most, if not all, of the criminal conduct referenced in the PSR has some correlation to the defendant's chemical use. As the PSR documents, attempts have been made by the criminal justice system to address this underlying issue but, unfortunately, to no avail. His longest period of sobriety was six months and he readily admitted that he was under the influence of alcohol at the time of the instant offense.

Education

The defendant obtained his high school diploma and has enrolled twice in community college but failed to earn credits and found himself on academic probation. PSR ¶ 75.

Employment Record

The defendant appears to have worked sporadically with some of the employment information in the PSR being largely self-reported. PSR ¶¶ 79-82.

The Requested Sentence

An analysis of the factors set forth in Title 18, United States Code, Section 3553(a), leads the government to believe that a sentence of 37 months is both fair and reasonable. Three years in federal prison is by no means a short sentence but will provide both specific deterrence to the defendant and general deterrence to others who might pause before joining in a destructive frenzy like that seen following the death of Mr. Floyd. A 37-month sentence will also adequately protect the public – in the near term – from the defendant's potential future crimes. The requested sentence also appropriately balances the significance of the loss to Wells Fargo and the community it served, the nature and extent of the defendant's criminal history, as well as his unique personal characteristics.

## CONCLUSION

For the reasons set forth above, the government respectfully recommends a sentence of 37 month along with a supervised release term of 3 years.  The defendant participated in a highly destructive act of arson that placed the lives of bystanders, protesters, law enforcement, and fire fighters at great risk.  To protect the community and to promote respect for the law, the requested sentence is reasonable and fair.

Dated: December 18, 2020　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　ERICA H. MacDONALD
　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　*s/ Andrew R. Winter*

　　　　　　　　　　　　　　　　　　BY: ANREW R. WINTER
　　　　　　　　　　　　　　　　　　Assistant United States Attorney