UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | DEFENDANT'S INITIAL POSITION |
| Plaintiff, | ) | PLEADING AS TO SENTENCING |
| | ) | FACTORS |
| vs. | ) | |
| | ) | |
| Marc Bell Gonzales | ) | Court File No. 20-cr-00180 (ECT) |
| | ) | |
| Defendant, | ) | |

TO:   The Clerk of this Court; The Honorable Eric C. Tostrud, U.S. District Court Judge; Andrew R. Winter, Assistant United States Attorney; Federal Probation and all parties of record:

**DEFENDANT'S POSITION AS TO SENTENCING FACTORS**

**Procedural Posture and Introduction**

On September 21, 2020, Defendant Marc Gonzales appeared in court, accepted responsibility, and entered a plea of guilty to Count 1 of an Information charging him with Conspiracy to Commit Arson in relation to the burning of a Wells Fargo Bank. Mr. Gonzales fully accepts responsibility for his actions in relation to this case.

At some point in the future when he can appear in person, Mr. Gonzales will stand before the Honorable Eric C. Tostrud for the purposes of sentencing. With reference to the length of his sentence, Mr. Gonzales, through undersigned counsel Kassius O. Benson, submits this position pleading with respect to sentencing factors. Undersigned counsel will also submit supplemental sentencing materials in the form of letters from family, friends, and treatment counselors.

According to the Presentence Report, the advisory guideline range is a term of imprisonment of 37 months to 46 months. *Presentence Report at 17*. This calculation is based

1

upon a total offense level of 17 and a criminal history category of IV. *Id*. This calculation is the appropriate starting point for the Court's analysis.

However, the Defense asserts that Mr. Gonzales' criminal history category of IV is overstated. A Criminal History Category of II most adequately represents Mr. Gonzales' criminal history. A Criminal History Category of II would result in an advisory guideline range of 27 months to 33 months.

Here, the Defense, pursuant to the plea agreement, will request a sentence of no more than the bottom of guideline range. Should the Court grant a departure, the sentence would be no more than 27 months. Such a sentence will be supported the factors for consideration under 18 U.S.C. § 3553(a).

## Law and Analysis

*Departure based upon USSG Section 4A1.3(b)*

In recognition that "the criminal history score is unlikely to take into account all the variations in the seriousness of criminal history that may occur," §4A1.3 provides for both upward and downward departures based on the inadequacy of the otherwise applicable criminal history category.

A downward departure may be warranted "[i]f reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." *See §4A1.3*, comment. (n.3).

In this case, Mr. Gonzales does have a criminal history including a 2010 Robbery Conviction which amounts to 3 of his criminal history points. *See PSR at 5*. However, since that

time period, Ms. Gonzales has only incurred misdemeanor convictions over the last 10 years. The ones that provide points in his guideline calculation are misdemeanor convictions for possession of synthetic cannabinoid in 2012, driving without a valid license / possession of drug paraphernalia in 2018, and a misdemeanor DWI in 2019 (also 2 additional points because Mr. Gonzales was on probation). These misdemeanor convictions comprise 5 of the points which increased Mr. Gonzales criminal history category.

In this case, Mr. Gonzales' misdemeanor convictions are not the sort that indicate persistent criminal activity. The inclusion of these criminal history points severely over-represents Mr. Gonzales' criminality. Further, the less serious nature of these misdemeanor convictions does not indicate that he is likely to commit other crimes such as the one charged here. Rather, Mr. Gonzales lack of felony convictions since 2010 indicates that he will not be likely to repeat criminal activity.

The Defense requests that the Court assign a Criminal History Category of II with the resulting advisory guideline range of 27 months to 33 months.

*3553(a) Factors for Consideration*

The Court must consider the sentencing guidelines, but under *United States v. Booker*, 125 S. Ct. at 756, the Guidelines are "merely one sentencing factor among many, and the calculated guideline range must be considered in conjunction with the sentencing factors identified in 18 U.S.C. § 3553(a). The United States Supreme Court has instructed the courts to impose sentences that are not greater than necessary to satisfy the statutory purposes set forth in 18 U.S.C. § 3553(a)(2). In imposing such sentences, the court may consider all of the characteristics of the offender and circumstances of the offense. The sentencing guidelines are

simply advisory. "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Gall v. United States*, 552 U.S. 38, 52 (2007).

In fashioning a sentence that complies with the "overarching provision instructing district courts to 'impose a sentence sufficient, but not greater than necessary,' to achieve the goals of sentencing," *Kimbrough*, 128 S.Ct. at 570, the judge must consider a broad range of factors, including the nature and circumstances of the offense and the history and characteristics of the defendant. *See* 18 U.S.C. § 3553(a)(1)-(7).

Specifically, in pertinent part here, the sentencing considerations set forth in 18 U.S.C. Section 3553(a) include:

1. the nature and circumstances of the offense and the history and characteristics of the defendant; and
2. the need for the sentence imposed –
    A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    B. to afford adequate deterrence to criminal conduct;
    C. to protect the public from further crimes of the defendant; and
    D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, and

18 U.S.C. § 3553(a)(1)-(2).

In this case, upon consideration of these factors, a sentence no greater than the bottom of the guideline range is sufficient.

### Applying the Factors of 18 U.S.C. Section 3553(a) to Mr. Gonzales

In Mr. Gonzales's case, the above factors indicate that a sentence no greater than the bottom of the guideline range is sufficient to achieve the purposes of sentencing.

1.   *The Nature and Circumstances of the Offense*:

With respect to the nature and circumstances of the offense, Mr. Gonzales has accepted responsibility and pleaded guilty to his criminal conduct in this conspiracy to commit arson case. As indicated in the presentence investigation report as well as the plea agreement, Mr. Gonzales is an average participant in the instant offense.

Again, Mr. Gonzales takes full responsibility for his actions in this case. As indicated in the plea agreement, the presentence report, and his own admissions, Mr. Gonzales was involved in the burning of a Wells Fargo Bank in Minneapolis, Minnesota. The event occurred during the social unrest that occurred following the killing of George Floyd at the hands of Minneapolis Police Officers. In explaining his actions, Mr. Gonzales informed the presentence report writer that on May 29, 2020, he had been out for his birthday and participating in peaceful protests. As he was doing so, he was under the influence of alcohol, felt the energy in the air, and wanted to be part of the movement. *PSR* at 3. Being swept up in the moment, he grabbed a gas can and poured it on a fire that had been started at the Wells Fargo branch. Although he knows his actions were terribly wrong, Mr. Gonzales' actions were not premeditated. He had no prior intention to set fire to the Wells Fargo branch. *PSR at 3*.

Mr. Gonzales understands that his offense is a very serious one. He is deeply remorseful. After the incident, as his mind became clearer, he came to realize that the effects of his actions could have been more devasting, that his actions impacted the people in the neighborhood as well as the financial institution, and that this was the biggest mistake of his life. *PSR* at 3.

The incident here was serious, tragic, and unnecessary. However, this act should not outweigh Mr. Gonzales' personal characteristics, rehabilitation needs, and treatment needs. Mr. Gonzales is remorseful regarding his involvement in this case. He accepts responsibility for his wrongdoing and commits to moving forward on a lawful path.

2.   *The History and Characteristics of Defendant, Mr. Gonzales*:

Mr. Gonzales's history and characteristics reveal a complex individual who has tried, with various degrees of success and failure, to improve his health and his mind.

Mr. Gonzales is a 29-year-old man who was born in Oakland, California and grew up in Minnesota. He remained in Minnesota until he graduated high school and returned to California. He grew up in a household in which his parents provided for his needs but also engaged in constant arguments. While they tried to hide the arguments from the children, his parents were unsuccessful. His parents separated multiple times during Mr. Gonzales' youth. His mother reported that the children's development may have suffered due to the turmoil in the home. At 21 years of age, Mr. Gonzales was kicked out of the family home and he wandered from place to place.

Mr. Gonzales' has both mental health issues as well as substance abuse issues. These issues can be addressed. Mr. Gonzales has received preliminary diagnoses for anxiety, depression, and post-traumatic stress disorder.  Since the age of 15, Mr. Gonzales has had a problematic use of alcohol and marijuana. His substance use affected his judgment in the instant case. Mr. Gonzales know that he needs to address this issue.

Mr. Gonzales is currently enrolled in treatment at New Beginnings Behavioral Health in New Brighton, Minnesota. This is a 6-month program that he started in October 2020.

Regarding his criminal history that was discussed in a prior section, Mr. Gonzales ha a number of prior convictions or incidents that all relate in some way to sobriety issues or mental issues that can be addressed during a relatively short sentence.

Mr. Gonzales educational background indicates limitations including an individualized education plan in high school and a limited attempt at college courses. He wishes to receive education and vocational training to assist him in opportunities after his release. Despite his limitations, Mr. Gonzales is presently employed.

Mr. Gonzales understands that he will incur consequences for his actions. While he has admittedly made serious legal mistakes due to his own bad choices, Mr. Gonzales does not wish to be defined by those choices. At the time of sentencing, Mr. Gonzales's personal history, characteristics, and remorse - among other factors – will indicate that a sentence no greater than the bottom of the guideline box is sufficient.

3. *The Need for the Sentence Imposed –*

    (a) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the Offense

A federal prison sentence will reflect the seriousness of this instant offense, promote respect for the law, and provide just punishment. Given the unique circumstances of the instant case, the harshest sentence is not necessary.

    (b) To afford adequate deterrence to criminal conduct

Likewise, the requested sentence is sufficient to deter both Mr. Gonzales and other would-be-law-breakers from similar criminal conduct.

    (c) To protect the public from further crimes by Mr. Gonzales

The requested sentence is more than sufficient to protect the public from future crimes of Mr. Gonzales. After serving his sentence, Mr. Gonzales will be over 30 years old. He has no

desire to be in this situation again. While serving his sentence, Mr. Gonzales will have ample time to reflect upon the bad choices that he has made in the past. Moreover, Mr. Gonzales will address his vocational opportunities in prison; thus, extracting the root of his crimes. He will not be a danger to the public.

> (d) To provide Mr. Gonzales with the needed educational or vocational training and chemical dependency treatment

As seen in the Presentence Report, Mr. Gonzales is in need of further educational and vocational training. Mr. Gonzales can easily receive this programming within the requested sentence. Chemical dependency programming is likewise available to him during his prison sentence. Mr. Gonzales requests that the Court recommend that any sentence include substance abuse programming.

## **CONCLUSION**

For the reasons stated in this pleading, as well as reasons to be provided in any and all supplemental filings and letters of support, Mr. Gonzales respectfully requests that the Court grant a departure recognizing that the calculated criminal history category of IV overstates Mr. Gonzales' criminality. After doing so, he requests that the Court impose a sentence no greater than the bottom of the guideline range. Such a sentence is sufficient, but not greater than necessary, to serve the purposes of federal sentencing.

Respectfully submitted,

KASSIUS BENSON LAW, P.A.
*Kassius O. Benson*

By  _____
Kassius O. Benson
Attorney License No. 0266632
Attorney for Defendant
3201 Hennepin Avenue

|  |  |
|---|---|
| DATED: December 18, 2020 | Minneapolis, MN  55401<br>Telephone: (612) 333-2755 |