UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-180 (ECT)

UNITED STATES OF AMERICA,

Plaintiff,

v.

MARC BELL GONZALES,

Defendant.

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A)**

Marc Gonzales is serving the last half of his 37-month federal prison sentence for conspiracy to commit arson during the riots that followed the murder of George Floyd in spring 2020. He has filed a motion asking this Court to reduce his sentence of imprisonment under 18 U.S.C. § 3582(c)(1)(A) and order his immediate release. Doc. No. 48. Gonzales bases his motion on his parents' health and the needs of his young children. The United States respectfully opposes the motion because Gonzales has not met his burden of establishing that a sentence reduction is warranted under the statute.

1

## Factual Background

**I.     Gonzales' Conviction and Request for a Sentence Reduction**

Marc Gonzales participated in the arson of a Wells Fargo Bank building in Minneapolis during the riots in May 2020. PSR ¶¶ 8-9. Gonzales was celebrating his birthday on May 29, when he joined a crowd that broke into the boarded-up bank. PSR ¶¶ 9-10, 15. News reports and social media posts showed Gonzales outside the bank carrying a red gasoline container above his head. PSR ¶¶ 9-10. The crowd around him shouted "Burn it Down! Burn it Down!" as Gonzales poured gasoline. *Id.* Gonzales stayed to watch the fire consume the bank building. PSR ¶ 10. He was later observed on surveillance video, looting and setting fire at the Office Depot store near the bank. PSR ¶ 12. Gonzales pleaded guilty to conspiracy to commit arson and in June 2021 this Court sentenced him to 37 months' imprisonment, to be followed by a three-year term of supervised release. Doc. No. 36.

Gonzalez has a long history with the criminal justice system. Despite being raised in a supportive and loving family, he has prior convictions for a variety of crimes, including second-degree armed robbery; unlawful transportation/importation/sale of marijuana; possession of synthetic cannabinoid; liquor in the park; careless driving; driving after revocation; open

bottle; driving without a license; and driving while intoxicated. PSR ¶¶ 33-41. He was under probationary supervision for a DWI when he committed the instant offense. PSR ¶ 43.

As his criminal history reflects, Gonzales has grave substance abuse problems. He reported using marijuana starting at age fifteen. PSR ¶ 66. He smoked marijuana daily for most of his adult life and drank frequently, at least twice to the point of blacking out.[1] PSR ¶¶ 66-67. From 2017 to 2020, Gonzales smoked four joints per day. *Id.* He has been diagnosed with both alcohol-use disorder and cannabis-use disorder. PSR ¶ 72. Gonzales tried treatment on a few occasions but always returned to drugs and drinking. PSR ¶¶ 69, 71. His longest period of sobriety, according to his treatment notes, was only six months. PSR ¶ 72.

All of Gonzales's prior convictions involve marijuana, its synthetic equivalent, and/or alcohol. The PSR's summaries of prior convictions describe how law enforcement have often encountered Gonzales with alcohol and/or marijuana, including while driving. PSR ¶¶ 34, 35, 36, 37, 38, 39, 40, 41. Indeed, even his armed robbery conviction is related to marijuana—Gonzales

---

[1] Despite his instances of blacking out after drinking and the fact that many of his criminal convicions involve alcohol, Gonzales "feels [his drinking] was not excessive." PSR ¶ 67.

and a confederate used a gun to take marijuana from the victim of that crime. PSR ¶ 34. This pattern improved only somewhat after Gonzales was charged in the instant case. While facing federal charges, still he tested positive for both marijuana and alcohol. PSR ¶ 68.

Gonzales is currently serving his sentence at FCI Oxford; he has a release date of February 13, 2024. BOP, *Find an inmate*, www.bop.gov/inmateloc (last accessed Dec. 29, 2022). Gonzales submitted a request for compassionate release to his warden citing his father's health condition as the reason for early release. Doc. No. 49 at 25. The BOP denied Gonzales's request on February 14, 2022.[2] *Id.* Gonzales then moved for compassionate release from this Court. Doc. No. 38. The Court appointed counsel and received supplemental briefing and exhibits regarding Gonzales's family-circumstance claims. Doc. Nos. 48, 49.

## II.   Background Concerning Gonzales's Family Situation

Gonzales was raised by his mother and father, Louis Gonzales and Merle Bell Gonzales, both of whom retired from careers in education. PSR ¶ 53. They provided him with love, support, and high expectations. PSR ¶¶ 52-53.

---

[2] The government therefore agrees this motion is ripe for the Court's consideration.

However, Gonzales began using drugs as a teenager and "rebel[led]" against his parents. PSR ¶¶ 53, 66. His mother "kicked him out" of her home when he was 21. PSR ¶ 55.

Since Gonzales went to prison, his father's health has deteriorated. His father had a stroke in 2021 and now resides full-time in a nursing home. *See* Doc. No. 49 at 48-135. Merle Gonzales spends time each day visiting Louis Gonzales and assisting with his care in his nursing home. Doc. No. 49 at 20. Merle Gonzales herself has some medical problems. She had a stent placed in 2014 and a heart attack in 2016. Doc. No. 49 at 27. She did not provide any more recent medical records documenting new medical problems, but states her physical activity is limited by her health. Doc. No. 49 at 20.

Gonzales has two children with his former partner, Amber Olson.[3] Ages six and five, both children attend elementary school. Doc. No. 49 at 29-49. Gonzales's oldest child has an autism diagnosis and an individualized education program (IEP), and his younger child may also need special education services. *Id*. Prior to his prison term, Gonzales spent time with his children "on weekends" and considered himself a good father. PSR ¶ 57.

---

[3] The undersigned AUSA contacted Amber Olson in preparation for this response. She confirmed she does not have any medical problems that would render her incapacitated.

In addition to caring for Louis Gonzales, Merle Gonzales reports she provides care for Gonzales's children. Specifically, in August 2022 she stated that she and the children's other grandmother "'split the care equally' with Ms. Gonzales having the children at her residence while she is watching them." Doc. No. 49 at 20. This arrangement remains in place at the present time. Doc. No. 49 at 23 (noting "situation remains as it was in August 2022"). Ms. Gonzales finds the childcare difficult and stressful, especially given her husband's medical needs. Doc. No. 49 at 21. Neither Amber Olson nor her mother contributed affidavits or other documentation to Gonzales's motion. *See generally* Doc. No. 49.

## Legal Framework

Under 18 U.S.C. § 3582(c)(1)(A), this Court may, in certain circumstances, grant a defendant's motion to reduce his or her term of imprisonment. Before filing that motion, however, the defendant must first request that BOP file such a motion on his or her behalf. § 3582(c)(1)(A). A court may grant the defendant's own motion for a reduction in his sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the

receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

If that exhaustion requirement is met, and the Court finds that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," then a court may reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]", as they are applicable. § 3582(c)(1)(A)(i). As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022); *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Sentencing Commission has issued a policy statement addressing reduction of sentences under § 3582(c)(1)(A). As relevant here, the policy statement provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C.

§ 3142(g);" and (iii) "the reduction is consistent with this policy statement."

U.S.S.G. § 1B1.13.[4]

The following conditions and characteristics that qualify as "extraordinary and compelling reasons" related to a defendant's family circumstances:

> Family Circumstances.—
>
> **(i)** The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> **(ii)** The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

U.S.S.G. § 1B1.13, cmt. n.1((C).

---

[4] The policy statement refers only to motions filed by the BOP Director. That is because the policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not entitled to file motions under § 3582(c). *See* First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239; *cf.* 18 U.S.C. § 3582(c) (2012). In light of the statutory command that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 3582(c)(1)(A)(ii), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the policy statement applies to motions filed by defendants as well. *But see United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020), (holding current guideline policy statement for compassionate release motions, U.S.S.G. § 1B1.13, is not applicable to prisoners' compassionate release motions); *United States v. Jones*, 2020 WL 6817488 (6th Cir. Nov. 20, 2020) (same); *United States v. Gunn*, 2020 WL 6813995, at *2 (7th Cir. Nov. 20, 2020).

**Argument**

The Court should deny Gonzales's motion. His family situation is not "extraordinary and compelling" under § 3582(c)(1)(A) and the Sentencing Commission's policy statement. Even if it were, Gonzales has failed to demonstrate that he is able to assist with care for his parents and children, given the seriousness of his addiction to marijuana and alcohol. Finally, Gonzales remains a danger to the public and the relevant § 3553(a) factors strongly weigh against release.

**III.   Gonzales's Family Circumstances Are Not a Basis For Early Release.**

Gonzales's request for a compassionate release is based on his parents' health and the needs of his children. The motion falls outside the Sentencing Guidelines' framework for "extraordinary and compelling" family circumstances. U.S.S.G. § 1B1.13, cmt. n.1((C). Gonzales acknowledges as much in his supplemental briefing, arguing only that release would be "consistent with the spirit" of U.S.S.G. 1B1.13. "Although U.S.S.G. § 1B1.13 makes provision for some family circumstances to be considered extraordinary and compelling reasons, care of an elderly parent is not one of them." *United States v. Gonzalez*, 2022 WL 2318545 at *3, (D. Minn. June 28, 2022); *see also*

9

*United States v. Henry*, 2020 WL 3791849, at *4 (E.D.N.Y. July 6, 2020) ("Care

of parents is not a qualifying basis for release."); *United States v. Goldberg*,

2020 WL 1853298, at *4 (D.D.C. Apr. 13, 2020) (desire to help care for elderly

parents does not qualify under the application note). The same is true of

Gonzales's claims about his children. For a defendant "to prevail on such a

claim, "a defendant typically must establish that all other potential caregivers

for their minor child are incapacitated." *United States v. Rooks*, 2022 WL

267899, at *6 (E.D. Pa. Jan. 28, 2022). Gonzales does not assert that Amber

Olson is incapacitated. Rather, his claim is that his mother is overwhelmed by

her share of the caregiving responsibilities. Doc. No. 48 at 6. Hardship and

inconvenience related to childcare do not rise to the level of extraordinary and

compelling under the statute. *Rooks*, 2022 WL 267899, at *6-*7 (E.D. Pa. Jan.

28, 2022).

Under these standards, Gonzales's motion does not meet the test for

compassionate release. While Merle Gonzales is undoubtedly suffering stress

based on her husband's stroke and her own health, as explained above, there

is no basis in the Guidelines to release a prisoner because of his parents' ill

health. And for good reason. "Many, if not all inmates, have aging and sick

parents. Such circumstance is not extraordinary." *United States v. Ingram*,

2019 WL 3162305 (S.D. Ohio July 16, 2019). Even if it were, the evidence shows Gonzales's father receives round-the-clock care at a nursing home and his mother's health appears stable despite her 2014 and 2016 cardiac problems. Doc. No. 49 at 14, 48-135. As movant, Gonzales bears the burden to establish eligibility for every aspect of compassionate release. *Avalos Banderas*, 39 F.4th at 1062. Neither the law nor the facts support release based on his parents' health.

Gonzales's children's needs are not a basis for compassionate release either. He does not make any claim that the children's mother, Amber Olson, is incapacitated. *See* Doc. Nos. 48, 49. But that is the demanding test for compassionate release based on the needs of minor children. *United States v. Collins*, 2020 WL 136859, at \*4 (D. Kan. Jan. 13, 2020) ("Information and documentation must be provided showing the incapacitation of the caregiver…."); *see also United States v. Brewington*, 2019 WL 3317972, at \*2 (W.D. Va. July 24, 2019). Indeed, the lack of any affidavit or documentation from Amber Olson is a glaring omission here. The Court should consider it dispositive, because the most important adult in the children's lives has apparently not sought early release for Gonzales. Several other facts are worth noting. At this time, both of Gonzales's children are in school, so they are

receiving care and services for the majority of the day during the school year. *See* Doc. No. 49 at 15, 29-47. And finally, Gonzales's own exhibit establishes that Amber Olson's mother also provides half of the children's care outside school hours. Doc. No. 49 at 20. Thus, the children have support from a number of adults including their mother, both grandmothers, and the educators at their school. *United States v. Carr*, 2020 WL 1815910 at *4 (D. Colo. Apr. 10, 2020) (caregiver experiences "added stress" but is not "incapable of providing care" to minor children). Here again, the Court should find that Gonzales's children's needs are not extraordinary and compelling circumstances.

Even if this Court finds to the contrary, it is far from clear that Gonzales has the ability to provide adequate care for his children or parents. First and foremost, Gonzales's substance abuse must be addressed through intensive treatment, which will take up significant time when he is released. Gonzales himself acknowledges this reality in his release plan. Doc. No. 49 at 17-18. Indeed, there is no other viable option given the severity of Gonzales's addiction. Gonzales smoked four joints per day every day from 2017 to 2020. PSR ¶ 66. He has blacked out from drinking. PSR ¶ 67. And all of his criminal history reflects extreme chemical dependency. PSR ¶¶ 33-48. While under this Court's supervision, he tested positive for marijuana and alcohol. PSR ¶ 68.

Simply put, Gonzales cannot provide care for others while he himself is badly in need of treatment. Because of this, the Court should find release is inappropriate.

Finally, Gonzales argues his case is similar to *United States v. Wessels*, 2021 WL 5506656 at *2, 12-cr-118(7) (D. Minn. Nov. 24, 2011) and *United States v. Crumble*, 2021 WL 1617106 at *3, 18-cr-17(1) (ADM) (D. Minn. Apr. 24, 2021). *See* Doc. No. 48 at 11-15. Factually, those cases are distinguishable because both involve judicial determinations that the defendants were the *only* available caregivers for their own children. *United States v. Wessels*, 2021 WL 5506656 at *2, (D. Minn. Nov. 24, 2011) (finding Wessels is "the only family member who is able to care for the child."); *United States v. Crumble*, 2021 WL 1617106 at *3, (D. Minn. Apr. 24, 2021) (same). No one makes any such claim here. Doc. No. 48. In sum, neither of Gonzales's claims merits early release from prison. As a matter of law and as a question of fact, Gonzales' family circumstances do not warrant early release.

## IV.    Gonzales Still Poses a Significant Danger to the Safety of the Community.

Gonzales's request for a sentence reduction should also be denied because he presents a danger to the safety of the community. Under the applicable policy statement, this Court must deny a sentence reduction unless

it determines the defendant "is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). This Court should deny a sentence reduction on that basis.

Gonzales also poses a danger to others because of his ongoing abuse of marijuana and alcohol. Nearly every prior conviction he has involved alcohol, marijuana, or both. These substances have led him to drive under the influence, commit armed robbery, and attempt to burn down a bank. The Court should find that Gonzales's addiction goes far beyond the ordinary harms caused by drugs and that he therefore poses an active threat to the community.

Gonzales claims he is now drug-free and rehabilitated. Doc. No. 49 at 17-18. While he is to be commended for seeking programming and pro-social activities in prison, such rehabilitative programming is a basic expectation for prisoners. *United States v. Logan*, 2021 WL 1221481, at *5 (D. Minn. Apr. 1, 2021) ("Prisoners are supposed to follow the rules, take classes, work at a job, and otherwise attempt to improve themselves. That a prisoner does so means that he has met baseline expectations, not that he has done something extraordinary. . . ."). Gonzales's history indicates he will struggle to remain drug- and alcohol-free once he leaves the prison setting. He has much to prove

about his ability to remain law-abiding in society. Based on risk to the public, the Court should deny his motion.

**V.    The § 3553(A) Factors Strongly Weigh Against Gonzales's Release.**

Finally, the § 3553(a) factors strongly disfavor a sentence reduction. The Court must consider the § 3553(a) factors, "as applicable," as part of its analysis. *See* § 3582(c)(1)(A); *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020); *United States v. Hahn*, 2020 WL 980185 at *3 (D. Minn. Feb 28, 2020). Those factors can be sufficient, on their own, to override any extraordinary and compelling circumstances a defendant can demonstrate. *E.g. United States v. Rodd*, 966 F.3d 740, 748 (8th Cir. 2020).

*Rodd* is apposite here. Gonzales took part in rioting, arson, and looting that shook Minneapolis to its core. He gleefully burned down a building and looted another while celebrating his birthday. In many ways, Minneapolis is still working to recover from the destruction Gonzales and his confederates caused. His offense is therefore different from many others that come before this Court, and the facts of the offense merit special consideration. The nature of the offense, Gonzales's history, the need for the sentence to reflect the seriousness of the offense, and the need to protect the public all weigh against early release.  *See* 18 U.S.C. § 3553(a). Finally, Gonzales was sentenced only

about 18 months ago, so the § 3553(a) factors applicable June 2021 are still highly relevant now. To release him when he has served only half of his term would gravely undermine the goals of federal sentencing. Accordingly, this Court should deny Gonzales's motion for a sentence reduction.

## Conclusion

For all these reasons, this Court should deny Gonzales' motion for a sentence reduction.

Respectfully submitted,

Dated:  January 3, 2023

ANDREW M. LUGER
United States Attorney

*s/Katharine T. Buzicky*

BY: KATHARINE T. BUZICKY
Assistant U.S. Attorney
Attorney ID No. 671031MA